﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191021-39009
DATE: May 29, 2020

ORDER

Entitlement to additional dependency benefit based on a dependent school child is granted.

FINDING OF FACT

At the time the Veteran selected direct review of his claim to the Board, he had submitted the required information verifying that his older son, S. H., was a dependent school child.

CONCLUSION OF LAW

The criteria for additional disability compensation for a dependent based on school attendance for the Veteran’s son, S. H., have been met. 38 U.S.C. §§ 1115, 5110; 38 C.F.R. §§ 3.57(a), 3.503, 3.667. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran has had a combined rating of over 30 percent for his service-connected disabilities since March 2012. The Veteran received additional compensation for having three dependents, his spouse and two sons. The Veteran’s older son, S. H., reached the age of 18 in May 2018. In July 2018 the Veteran submitted a properly completed VA Form 21-674, Request for Approval of School Attendance, providing information that his oldest son was attending a junior college. Due to S. H. being a school child under the age of 23, the Veteran continued to receive VA dependency benefits for S. H.

A Veteran who is in receipt of disability compensation of 30 percent or more is entitled to an additional allowance for each dependent. 38 U.S.C. § 1115. A child is defined as an unmarried person who is (i) under the age of 18 years; (ii) before the age of 18 years became permanently incapable of self-support; or (iii) after attaining the age of 18 years and until completion of education or training (but not after attaining the age of 23 years) is pursuing a course of instruction at an approved educational institution. 38 U.S.C. § 101(4)(A); 38 C.F.R. § 3.57(a). This allowance is generally discontinued when a dependent child turns 18, or when the child turns 23 if he or she is enrolled in school. 38 C.F.R. §§ 3.503, 3.667.

In July 2018 VA informed the Veteran that because his oldest son stopped attending school on June 1, 2019, his additional dependency benefits provided due to having a child over 18 going to school would end on July 1, 2019. 

In July 2019 the Veteran submitted a new VA Form 21-674 indicating that his oldest son was still a dependent school child. However, the Veteran did not fill out all of the required information on the form. 

On August 12, 2019, VA received a new VA Form 21-674 from the Veteran. Unlike the July 2019 form submitted by the Veteran, this new VA Form 21-674 was completely filled out. 

On August 20, 2019, VA sent a letter to the Veteran informing him that his VA Form 21-674 was incomplete. This letter specified the sections of the form that the Veteran had failed to complete. The Board notes that it is obvious from this list that the letter is referring to the earlier, incomplete VA Form 21-674, that the Veteran submitted in July 2019 and not the completed VA Form 21-674 that the Veteran submitted on August 12, 2019. 

In September 2019, VA sent a letter to the Veteran denying his request for additional dependency compensation. This letter stated that he was denied approval of school attendance for S. H. because the Veteran had failed to submit a completed VA Form 21-674. This letter again specified the sections that were not completed in the form submitted in July 2019. 

In October 2019 the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) with the September 2019 denial of his claim for approval of school attendance. 

It is unclear to the Board as to why the agency of original jurisdiction (AOJ) did not notice the August 2019 VA Form 21-674 that the Veteran had completed and returned prior to the denial letter. Here the AOJ missed the completed VA Form 21-674 and incorrectly denied the Veteran’s claim based on the earlier incomplete form. Given that the information requested by the AOJ was of record at the time of the September 25, 2019 denial, and given that the record at that time verified that the Veteran’s older son, S. H., was under the age of 23 and was attending an approved school, the claim must be granted.

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. E. Jones, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.